IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| SAINT CATHERINE HOSPITAL OF PENNSYLVANIA, LLC, | : | BANKRUPTCY NO.: 5-12-bk-02073-JJT |
| | : | |
| DEBTOR | : | |
| | : | |
| WILLIAM G. SCHWAB, CHAPTER 7 TRUSTEE, | : | {**Nature of Proceeding**: Motion of Boulder Investment Trust and Saint Catherine Health Care, LLC to Dismiss Complaint (Doc. #4) |
| | : | AND |
| PLAINTIFF | : | Motion of Boulder Investment Trust and Saint Catherine Health Care, LLC for Protective Order (Doc. #6)} |
| | : | |
| vs. | : | |
| | : | |
| ST. CATHERINE HOSPITAL OF INDIANA, LLC, TOM AYERS, INDEPENDENT HEALTH SOLUTIONS, CORNERSTONE HEALTHCARE, NEW DIRECTIONS HEALTH SYSTEMS, LLC, SPECIALITY HEALTH LLC, BOULDER INVESTMENT TRUST AND ST. CATHERINE HEALTH CARE, LLC, | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-12-ap-00128-JJT** |

# **OPINION**[1]

Defendants, Boulder Investment Trust and Saint Catherine Health Care, LLC, (hereinafter referred to as "Defendants"), filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6).

The Court notes that the Defendants have not presented any support as to why the Complaint should be dismissed because of improper venue under Federal Rule of Civil Procedure 12(b)(3). The Court finds that the Middle District of Pennsylvania is the proper venue for resolution of the adversary and underlying bankruptcy case.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

Otherwise, the Motion to Dismiss attacks the underlying Complaint under two different arguments, namely; lack of proper service upon the Defendants and failure to state a claim against the Defendants. As to service against Defendant, Saint Catherine Health Care, LLC, that Defendant argues that addressing the Summons to "Attn: Officer, Managing Agent or General Agent" is clearly insufficient under Rule 7004(b) of the Federal Rules of Bankruptcy Procedure. This Court has previously addressed this very issue in the case of *C.V.H. Transport Inc. vs. Schwab*, 254 B.R. 331 (Bankr. M.D.Pa. 2000). Relying on the reasoning of that case, the Court will deny the Motion to Dismiss for improper service vis-à-vis Defendant, Saint Catherine Health Care, LLC.

The Motion to Dismiss concerning the Trust Defendant seems to blur the line between service and naming proper party defendants. Defendant argues that service upon the Trust was deficient because a trust cannot be named as a defendant and the general rule is that a trustee is the proper person to sue or be sued on behalf of a trust. The argument continues that because the Complaint fails to name the trustee of the trust as a defendant, all claims against the Trust must be dismissed. The Complaint named the Trust as the Defendant.

In this regard, the Defendant Trust indicates that service upon the Trust was deficient because a trust cannot be sued merely by being named as a defendant. The Trust provides no support for that proposition. In fact, there is support in Pennsylvania to the contrary. See, for instance,

> 15 Pa.C.S.A. § 9502. **Creation, status and termination of business trusts**
> **(c) Separate entity**. A business trust is a separate legal entity.

Furthermore, even one of the cases cited by the Trust Defendant to support the proposition that the trustee is the proper person to sue or be sued on behalf of a trust, cited to Third Circuit and Pennsylvania cases finding that a certain trust had the capacity to sue and be

sued. See, *E.P. Coverdell v. Mid-South Farm Equipment Association*, 335 F.2d 9 (6th Cir. 1964) citing *Pavlovscak v. Lewis*, 274 F.2d 523 (3d Cir. 1959) and *Myhalyk v. Lewis*, 398 Pa. 395, 158 A.2d 305 (Pa. 1960). Perhaps better practice would have been to name the trustee of the subject trust as a defendant but, based upon the instant Motion to Dismiss and the arguments herein, the Court finds that the underlying Trust has the capacity to sue or be sued pursuant to Federal Rule of Civil Procedure 17(b)(3). Additionally, Federal Rule of Bankruptcy Procedure 7004(b)(8) authorizes service by mailing to an agent of the Defendant, in this case the named trustee of the Trust. Based upon the foregoing, that portion of the Motion to Dismiss attacking service on both moving Defendants is denied.

The Court will now address the portion of the Motion to Dismiss which requests dismissal for failure to state a cause of action under Rule 12(b)(6).

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965.

In this regard, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 citing *Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

Utilizing these standards, I find that the Complaint states a claim which is supported by sufficient allegations in the Complaint. The Motion to Dismiss is therefore denied.

Also pending is Defendants' Motion for Protective Order under Federal Rule of Civil Procedure 26(c)(1). (Doc. #6.) Defendants assert that Plaintiff has attempted to conduct discovery by way of depositions prior to conferencing as required by Federal Rules of Civil Procedure 26(d)(1) and (f) as made applicable to bankruptcy adversaries by Federal Rule of Bankruptcy Procedure 7026. At the conclusion of the hearing on both Motions, this Court suggested to the parties that they participate in a formal conference in order to put this issue to rest. If the parties have conducted a Rule 26(f) conference, the Motion for Protective Order is deemed moot. Otherwise, the Motion for Protective Order is granted until such time as a Rule 26(f) conference is held. If the parties have not conducted said conference, they are hereby directed to participate in a formal Rule 26(f) conference on or within thirty (30) days after the filing of an Answer by the Defendants to the underlying Complaint.

The Defendants are directed to file an Answer to the Complaint within fifteen (15) days of the date of this Order.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 18, 2012